**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                                   (State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an
  amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Remington Arms Company, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Remington Arms Company, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 5 1 – 0 3 5 0 9 3 5 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 870 Remington Drive | 870 Remington Drive |
| Number    Street | Number    Street |
| | P.O. Box 700 |
| | P.O. Box |
| Madison    NC    27025 | Madsion    NC    27025 |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Rockingham County | 14 Hoefler Avenue |
| County | Number    Street |
| | |
| | Ilion    NY    13357 |
| | City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | None |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    **Remington Arms Company, LLC**       Case number *(if known)*_____
      Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☑ None of the above |
| | **B.** *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ . |
| | <u>3</u>  <u>3</u>  <u>2</u>  <u>9</u> |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☑ Chapter 11. *Check all that apply:* |
| |      ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that). |
| |      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |      ☑ A plan is being filed with this petition. |
| |      ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |      ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| |      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | | | | | |
|---|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☑ No | | | | |
| | ☐ Yes. | District _____ | When _____ MM / DD / YYYY | Case number _____ | |
| If more than 2 cases, attach a separate list. | | District _____ | When _____ MM / DD / YYYY | Case number _____ | |

| | | | | |
|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No | | | |
| | ☑ Yes. | Debtor   <u>See attached list</u> | Relationship _____ | |
| List all cases. If more than 1, attach a separate list. | | District _____ | When _____ MM / DD / YYYY | |
| | | Case number, if known _____ | | |

Debtor    **Remington Arms Company, LLC**
_____
Name

Case number (if known)_____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                         Number        Street

         _____

         _____
         City                                          State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name    _____

         Phone           _____

---

| ■ | **Statistical and administrative information** |

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☑ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor    Remington Arms Company, LLC                          Case number (if known)_____
          Name

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☑   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☑   I have been authorized to file this petition on behalf of the debtor.

☑   I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03 / 25 / 2014
              MM / DD / YYYY

✗ _____          Stephen P. Jackson, Jr.
Signature of authorized representative of debtor          Printed name

Title  Chief Financial Officer

**18. Signature of attorney**

✗ _Laura Davis Jones_____   Date  3 / 25 / 18
Signature of attorney for debtor                MM / DD / YYYY

Laura Davis Jones, Esq.
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

919 North Market Street, 17th Floor
Number    Street

Wilmington                                    DE        19801
City                                          State     ZIP Code

(302) 652-4100                                ljones@pszjlaw.com
Contact phone                                 Email address

2436                                          DE
Bar number                                    State

---

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtors in this Court

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the District of Delaware. Contemporaneously herewith, the Debtors are filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to Remington Outdoor Company, Inc.

1. Remington Outdoor Company, Inc.

2. FGI Holding Company, LLC

3. FGI Operating Company, LLC

4. Remington Arms Company, LLC

5. Barnes Bullets, LLC

6. TMRI, Inc.

7. 32E Productions, LLC

8. Advanced Armament Corp., LLC

9. Great Outdoors Holdco, LLC

10. RA Brands, L.L.C.

11. Outdoor Services, LLC

12. FGI Finance, Inc.

13. Huntsville Holdings LLC

## RESOLUTIONS
## OF THE MANAGEMENT BOARD OF

## REMINGTON ARMS COMPANY, LLC

### March 20, 2018

The members of the management board (collectively, the "Directors") of REMINGTON ARMS COMPANY, LLC, a limited liability company organized and existing under the laws of the State of Delaware (the "Company"), hereby take the following actions and consent to the adoption of the following preambles and resolutions (these "Resolutions").

**WHEREAS**, the Directors of the Company have considered the financial and operational condition of the Company;

**WHEREAS**, such Directors have reviewed the historical performance and results of the Company, the market in which the Company operates, its current and future liquidity needs, its business prospects, and its current and long-term liabilities;

**WHEREAS**, such Directors have reviewed the materials presented by its financial, legal, and other advisors and have engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and have had the opportunity to fully consider, the Company's financial condition, including its liabilities and liquidity position, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations;

**WHEREAS**, the board of directors of Remington Outdoor Company, Inc. ("ROC"), the beneficial owner of the Company, previously approved the form, terms and provisions of, and the execution, delivery, and performance of, and, on February 11, 2018, ROC entered into, that certain restructuring support agreement (as amended, restated supplemented or otherwise modified from time to time in accordance with the terms thereof, the "RSA"), by and among (i) ROC, (ii) FGI Operating Company, LLC ("FGI Opco"), (iii) the consenting term lenders under that certain Term Loan Agreement, dated as of April 19, 2012, by and among FGI Opco, as Borrower, FGI Holding Company LLC, as Holdings, the guarantors and lenders from time to time party thereto, and Bank of America, N.A., as Agent, and (iv) the consenting holders of those certain 7.875% Senior Secured Notes due 2020 pursuant to that Indenture, dated as of April 19, 2012, between FGI Opco and FGI Finance Inc., as Issuers, the guarantors named therein, and Wilmington Trust, National Association, as Trustee and Collateral Agent;

**WHEREAS**, such Directors have determined that, in furtherance of the RSA, it is desirable and in the best interests of the Company and its respective creditors, equity holders, employees and other parties-in-interest that the Company commence solicitation ("Solicitation") of votes to obtain acceptances of the Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession, dated March 22, 2018 (the "Prepackaged Plan");

**WHEREAS**, such Directors have determined that, in furtherance of the Prepackaged Plan, it is desirable and in the best interests of the Company and its respective creditors, equity holders, employees, and other parties-in-interest that the Company file or cause to be filed a voluntary petition (a "Voluntary Petition") for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Company is the sole member of Great Outdoors Holdco, LLC ("Great Outdoors");

**WHEREAS**, such Directors deem it advisable and in the best interests of the Company and its respective creditors, equity holders, employees and other parties-in interest that Great Outdoors file or cause to be filed a voluntary petition for relief under the Bankruptcy Code;

**WHEREAS**, such Directors have been presented with those certain Resolutions of the Sole Member of Great Outdoors (the "Sole Member Resolutions"), pursuant to which, among other things, the Company, as sole member of Great Outdoors, would authorize Great Outdoors to file a voluntary petition for relief under the Bankruptcy Code and appoint Stephen P. Jackson as Chief Financial Officer of Great Outdoors; and

**WHEREAS**, such Directors have deemed it advisable and in the best interests of the Company for the Company to adopt the Sole Member Resolutions as sole member of Great Outdoors.

## Solicitation

**BE IT RESOLVED** that the Directors have determined that it is advisable and in the best interests of the Company that the Company commence Solicitation;

**BE IT FURTHER RESOLVED** that the senior officers of the Company (together, the "Authorized Officers"), be, and each of them hereby is, authorized, empowered and directed to take any and all action and perform any and all further deeds that they deem necessary or proper to commence Solicitation;

## Chapter 11 Case

**BE IT FURTHER RESOLVED** that Directors have determined that it is advisable and in the best interests of the Company that the Company file, or cause to be filed, a Voluntary Petition commencing the Chapter 11 Case (as defined below);

**BE IT FURTHER RESOLVED** that the Authorized Officers, be, and each of them hereby is, authorized, empowered, and directed to execute and file, or cause to be filed, with the bankruptcy court, for the Company, all petitions, schedules, lists, motions, applications, pleadings, and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief or in connection with the chapter 11 case of the Company (the "Chapter 11 Case"), with a view to the successful prosecution of such Chapter 11 Case;

**Debtor in Possession Financing**

**BE IT FURTHER RESOLVED** that, the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Officers determine it to be necessary or appropriate, enter into senior, secured, super-priority debtor in possession credit facilities, including the credit facilities contemplated by (a) the "Term Sheet" attached as Exhibit A to that certain Commitment Letter, dated as of March 8, 2018, by and among FGI Opco and the lenders party thereto, and (b) that certain "$193 million DIP and Exit ABL Revolver Summary of Indicative Principal Terms and Conditions", dated on or about the date hereof, by and among FGI Opco and the lenders party thereto, in each case, in substantially the form as presented to the Directors (the "DIP Credit Facilities"), and any related documents or instruments, each on terms and conditions agreed to by the Company, the lender and the agent and such other terms as are customary for similar debtor-in-possession facilities and to cause the Company to grant a senior security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby;

**BE IT FURTHER RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Officers determine it to be necessary or appropriate, cause to be prepared, to negotiate, execute, and deliver, and the Company is hereby authorized to perform its obligations and take the actions contemplated under, the DIP Credit Facilities and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the DIP Credit Facilities, each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Officers, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Officer executing the same in the name and on behalf of the Company, such approval to be evidenced conclusively by such execution;

**BE IT FURTHER RESOLVED** that the Company, as debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Company's assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code;

**BE IT FURTHER RESOLVED** that the Company will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facilities to the Company and its affiliates;

**Retention of Advisors**

3

**BE IT FURTHER RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to employ the law firm of Milbank, Tweed, Hadley & McCloy LLP as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Officers are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank, Tweed, Hadley & McCloy LLP;

**BE IT FURTHER RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Pachulski, Stang, Ziehl & Jones LLP as local counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Officers are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Pachulski, Stang, Ziehl & Jones LLP;

**BE IT FURTHER RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Lazard Frères & Co. LLC as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Officers are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Lazard Frères & Co. LLC;

**BE IT FURTHER RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Alvarez & Marsal North America, LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Officers are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Alvarez & Marsal North America, LLC;

**BE IT FURTHER RESOLVED** that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Prime Clerk LLC as notice, claims, and balloting agent to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers

prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Prime Clerk LLC;

BE IT FURTHER RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to employ any other professionals, including attorneys, accountants, and tax advisors, necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary;

### Sole Member Resolutions

BE IT FURTHER RESOLVED that the form, terms and provisions of the Sole Member Resolutions, substantially in the form presented to the Directors, the transactions contemplated thereby and the adoption of the Sole Member Resolutions by the Company, be, and hereby are, approved, ratified and confirmed in all respects;

### Other Authorization and Ratification

BE IT FURTHER RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to prosecute the Chapter 11 Case in a manner that in their business judgment is likely to maximize the recovery for stakeholders in the Company and minimize the obligations incurred by the Company, and to prepare and adopt the Sole Member Resolutions;

BE IT FURTHER RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper, and desirable to adopt the Sole Member Resolutions and prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing Resolutions and the transactions contemplated by these Resolutions;

BE IT FURTHER RESOLVED that Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions; and

BE IT FURTHER RESOLVED that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts are taken before these Resolutions were certified, are hereby in all respects approved and ratified.

# CERTIFICATE

Date: March 25, 2018

I, Stephen P. Jackson, Jr., the undersigned Chief Financial Officer of Remington Arms Company, LLC, a limited liability company organized and existing under the laws of the State of Delaware (the "Company"), hereby certify as follows:

1.      I am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2.      Attached hereto is a true and correct copy of the resolutions of the Management Board of the Company (the "Board"), without exhibits, duly adopted at a meeting of the Board on March 20, 2018.

3.      Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof.  There exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF,** the undersigned has executed this Certificate as of the date first written above.

By: _____
Name:  Stephen P. Jackson, Jr.
Title:  Chief Financial Officer

**Fill in this information to identify the case:**

Debtor name: Remington Outdoor Company, Inc., et al.

United States Bankruptcy Court for the: District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.[1]

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 PENSION BENEFIT GUARANTY CORPORATION - OFFICE OF THE GENERAL COUNSEL 1200 K STREET, N.W. WASHINGTON, DC 20005-4026 | PENSION BENEFIT GUARANTY CORPORATION, OFFICE OF THE GENERAL COUNSEL PHONE: 202-326-4020 x4638 FAX: 202-326-4112 EMAIL: Neureiter.Kimberly@pbgc.gov | Pension Liability | Contingent, Unliquidated | | | Undetermined |
| 2 THE MARLIN FIREARMS COMPANY EMPLOYEES' PENSION PLAN C/O MASSMUTUAL ATTN: NANCY HOULE P.O. BOX 219035 MIP M227 KANSAS CITY, MO 64121-9035 | THE MARLIN FIREARMS COMPANY EMPLOYEES' PENSION PLAN C/O MASSMUTUAL PHONE: 800-309-353, x2-2139 FAX: 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 EMAIL: | Pension Liability | Contingent, Unliquidated | | | Undetermined |
| 3 ECO-BAT INDIANA LLC ATTN: MIKE PARKER, SALES MANAGER PO BOX 846010 DALLAS, TX 75284-6010 | ECO-BAT INDIANA LLC ATTN: MIKE PARKER, SALES MANAGER PHONE: 214-582-0295 FAX: 214-831-4013 EMAIL: ecobat.uk@ecobatgroup.com | Trade | | | | $3,106,870.14 |

[1] This list does not include the agents for the Debtors' prepetition credit facilities or the indenture trustee for the Debtors' third lien notes as those entities' respective claims are secured by liens on and/or security interests in the Debtors' assets.

Debtor: Remington Outdoor Company, Inc., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 4 ST MARKS POWDER PO Box 643003 PITTSBURGH, PA 15264-3003 | ST MARKS POWDER PHONE: 618-258-2000 FAX: EMAIL: stephen.faintich@gd-ots.com | Trade | | | | $1,376,973.80 |
| 5 THE DOE RUN COMPANY ATTN: DEB MEDLEY 75 REMITTANCE DRIVE, SUITE 2172 CHICAGO, IL 60675-2172 | THE DOE RUN COMPANY ATTN: DEB MEDLEY PHONE:314-453-7115 FAX: 314-453-7189 EMAIL: ceo@doerun.com | Trade | | | | $1,331,527.86 |
| 6 LUVATA KENOSHA INC ATTN: ANDREW STEVENS, MGR MKT DEV PO Box 200498 PITTSBURGH, PA 15251-0498 | LUVATA KENOSHA INC ATTN: ANDREW STEVENS, MGR MKT DEV PHONE: 920-540-5970 FAX: 920-749-3850 EMAIL: andy.stevens@luvata.com | Trade | | | | $928,021.49 |
| 7 GEODIS LOGISTICS LLC ATTN: VIVIAN HARRIS, A/R MANAGER 15604 COLLECTION CENTER DRIVE CHICAGO, IL 60693 | GEODIS LOGISTICS LLC ATTN: VIVIAN HARRIS, A/R MANAGER PHONE: 615-880-4865 FAX: 615-377-3977 EMAIL: vharris@ohl.com | Trade | | | | $895,514.30 |
| 8 ART GUILD INC ATTN: BERNADETTE SANDONE, AR MANAGER 300 WOLF DRIVE WEST DEPTFORD, NJ 08086 | ART GUILD INC ATTN: BERNADETTE SANDONE, AR MANAGER PHONE: 856-853-7500 FAX: 856-686-4184 EMAIL: bsandone@artguildinc.com | Marketing Services | | | | $894,069.05 |
| 9 MICROBEST INC 670 CAPTAIN NEVILLE DR WATERBURY, CT 06705 | MICROBEST INC PHONE: 203-597-0355 FAX: 203-597-0655 EMAIL: maltberg@microbest.com | Trade | | | | $773,300.75 |

Debtor: Remington Outdoor Company, Inc., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | PMX INDUSTRIES INC CHICAGO ATTN: JOE TALLERICO 5300 WILLOW CREEK DR SW CEDAR RAPIDS, IA 52404 | PMX INDUSTRIES INC CHICAGO ATTN: JOE TALLERICO PHONE: 319-298-1339 FAX: 319-368-7721 EMAIL: joe.tallerico@ipmx.com | Trade | | | | $720,189.42 |
| 11 | STEPHEN GOULD CORPORATION ATTN: CHANTEL REDMOND 1408-C ROSENEATH ROAD RICHMOND, VA 23230 | STEPHEN GOULD CORPORATION ATTN: CHANTEL REDMOND PHONE: 973-428-1500 FAX: 804-217-9046 EMAIL: blvollmer@stephengould.com | Trade | | | | $645,476.66 |
| 12 | PRIORITY PACKAGING WET'N DRY LUBES INC. 3260 INDUSTRY DRIVE, UNIT 5 N. CHARLESTON, SC 29418 | PRIORITY PACKAGING WET'N DRY LUBES INC. PHONE: 843-936-1660 FAX: 843-969-1661 EMAIL: wwhlr@prioritypackaging.com | Trade | | | | $563,002.51 |
| 13 | MAGPUL INDUSTRIES CORP ATTN: DOUG SMITH OPERATION MGR PO BOX 664017 DALLAS, TX 75266-4017 | MAGPUL INDUSTRIES CORP ATTN: DOUG SMITH- OPERATION MGR PHONE: 303-828-3460 FAX: 303-828-3469 EMAIL: doug@magpul.com | Trade | | | | $540,813.25 |
| 14 | GENERAL DYNAMICS ATTN: SUZIE TAILLEFER 55, RUE MASSON VALLEYFIELD, QC J6S 4VP Canada | GENERAL DYNAMICS ATTN: SUZIE TAILLEFER PHONE: 450-377-7835 FAX: 450-377-7800 EMAIL: suzie.taillefer@can.gd-ots.com | Trade | | | | $469,669.88 |
| 15 | A M CASTLE & CO / CASTLE METALS 1112S METROMONT PARKWAY CHARLOTTE, NC 28269 | A M CASTLE & CO / CASTLE METALS PHONE: 847-349-3851 FAX: 716-748-7788 EMAIL: jkanute@amcastle.com | Trade | | | | $454,578.78 |

Debtor: Remington Outdoor Company, Inc., et al.

Case number (if known) _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 16 | OZARK DIE CASTING ATTN: GARY LAND 1005 LOFTING IND DR SAINT CLAIR, MO 63077 | OZARK DIE CASTING ATTN: GARY LAND PHONE: 636-629-4244 FAX: 636-629-2153 EMAIL: ozarkdie@sbcglobal.net | Trade | | | | $441,319.08 |
| 17 | NATIONWIDE PRECISION PRODUCTS CORP Attn: Dan Nash - CEO PO BOX 842324 BOSTON, MA 02284-2384 | NATIONWIDE PRECISION PRODUCTS CORP Attn: Dan Nash - CEO PHONE: 224-419-6055 FAX: 585-272-8982 EMAIL: dan.nash@hnprecision.com | Trade | | | | $437,939.33 |
| 18 | BRUDERER MACHINERY INC ATTN: DONNA KOTERBA 1200 HENDRICKS CAUSEWAY RIDGEFIELD, NJ 07657 | BRUDERER MACHINERY INC ATTN: DONNA KOTERBA PHONE: 201-941-2121 FAX: 201-886-2010 EMAIL: dkoterba@brudereramericas.com | Trade | | | | $432,592.50 |
| 19 | GERDAU MAC STEEL ATTN: R.A. MONTGOMERY LORI STROKO 25654 NETWORK PLACE CHICAGO , IL 60673 | GERDAU MAC STEEL ATTN: R.A. MONTGOMERY LORI STROKO PHONE: 330-382-1084 FAX: 517-782-8736 EMAIL: | Trade | | | | $421,153.38 |
| 20 | PRECISIONMATICS CO INC ATTN: CINDY 675 US HIGHWAY 20 WEST WINFIELD, NY 13491 | PRECISIONMATICS CO INC ATTN: CINDY PHONE: 315-822-6324 FAX: 315-822-6944 EMAIL: cindyk@precisionmatics.com | Trade | | | | $388,620.62 |
| 21 | SWANSON MARTIN & BELL ATTN: BRIAN W. BELL 330 NORTH WABASH AVE STE 3300 CHICAGO, IL 60611 | SWANSON MARTIN & BELL ATTN: BRIAN W. BELL PHONE: 312-321-9100 FAX: 312-321-0990 EMAIL: bbell@smbtrials.com | Legal Counsel | | | | $387,023.30 |

Debtor: Remington Outdoor Company, Inc., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 22  DECIMET SALES INC<br>ATTN: BUTCH ANDERSON<br>14200 JAMES ROAD<br>ROGERS, MN 55374 | DECIMET SALES INC<br>ATTN: BUTCH ANDERSON<br>PHONE: 763-428-4321<br>FAX: 763-428-8285<br>EMAIL: info@dsimn.com | Trade | | | | $371,396.20 |
| 23  DANA SOTO, ET AL.<br>C/O KOSKOFF KOSKOFF &<br>BIEDER, P.C.<br>ATTN: JOSHUA D. KOSKOFF<br>350 FAIRFIELD AVENUE<br>BRIDGEPORT, CT 06604 | DANA SOTO, ET AL.<br>C/O KOSKOFF KOSKOFF & BIEDER,<br>P.C.<br>PHONE: 203-583-8634<br>FAX: 203-368-3244<br>EMAIL: | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | Undetermined |
| 24  IAN POLLARD, ET AL.<br>C/O BOLEN, ROBINSON & ELLIS,<br>LLP<br>ATTN: JON D. ROBINSON<br>202 SOUTH FRANKLIN<br>2ND FLOOR<br>DECATUR, IL 62523 | IAN POLLARD, ET AL.<br>C/O BOLEN, ROBINSON & ELLIS,<br>LLP<br>PHONE: 217-429-4296<br>FAX: 217-329-0034<br>EMAIL:<br>JROBINSON@BRELAW.COM | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | Undetermined |
| 25  ROBERT ZICK<br>C/O MONSEES & MAYER, P.C.<br>ATTN: TIMOTHY MONSEES<br>4717 GRAND AVENUE<br>SUITE 820<br>KANSAS CITY, MO 64112 | ROBERT ZICK<br>C/O MONSEES & MAYER, P.C.<br>PHONE: 816-470-0013<br>FAX: 816-361-5577<br>EMAIL: | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | Undetermined |
| 26  JON BATTS<br>C/O RAD LAW FIRM, P.C.<br>ATTN: ROBERT M. MEADOR<br>8001 JBJ FREEWAY, SUITE 300<br>DALLAS, TX 75251 | JON BATTS<br>C/O RAD LAW FIRM, P.C.<br>PHONE: 972-661-1111<br>FAX: 972-354-5651<br>EMAIL:<br>EFILERM@RADLAWFIRM.COM | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | Undetermined |

Debtor: Remington Outdoor Company, Inc., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 27 | SAMUEL JOHNSON THE LAW OFFICE OF DANIEL D. GOROWITZ, III, P.C. ATTN: DANIEL D. HOROWITZ 2100 TRAVIS STREET, SUITE 280 HOUSTON, TX 77002 | SAMUEL JOHNSON THE LAW OFFICE OF DANIEL D. GOROWITZ, III, P.C. PHONE: 832-460-5181 FAX: 832-266-1478 EMAIL: DANIEL@DDHLAWERS.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 28 | ANTHONY GARNETT C/O O'CONOR, MASON & BONE, P.C. ATTN: JESS W. MASON, ROBERT D. O'CONOR & J. KEVIN RALEY 1616 S. VOSS ST., SUITE 200 HOUSTON, TX 77057 | ANTHONY GARNETT C/O O'CONOR, MASON & BONE, P.C. PHONE: 713-647-7511 FAX: 713-647-7512 EMAIL: JMASON@OMBTXLAW.COM; BOCONOR@OMBTXLAW.COM; KRALEY@OMBTXLAW.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 29 | MICHELLE LEFEBRE LEONARD A. SIUDARA PC ATTN: LEONARD A. SIUDARA 5865 ANDOVER CT TROY, MI 48098 | MICHELLE LEFEBRE LEONARD A. SIUDARA PC PHONE: 248-417-7300 FAX: 248-641-8141 EMAIL: BUDATLAW@MSN.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 30 | PRECIOUS SEGUIN C/O MONSEES & MAYER, P.C. ATTN: TIMOTHY MONSEES 4717 GRAND AVENUE SUITE 820 KANSAS CITY, MO 64112 | PRECIOUS SEGUIN C/O MONSEES & MAYER, P.C. PHONE: 816-470-0013 FAX: 816-361-5577 EMAIL: | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                          :   Chapter 11
                                                :
REMINGTON ARMS COMPANY, LLC,                    :   Case No. 18-_____ (__)
                                                :
                                                :
                                                :
           Debtor.                              :
------------------------------------------------------------ x

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X
                                                        :
In re:                                                  :   Chapter 11
                                                        :
REMINGTON ARMS COMPANY, LLC,                            :   Case No. 18- _____ (_____)
                                                        :
                                    Debtor.             :
                                                        :
------------------------------------------------------- X

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the following is a list of any corporation, other than a governmental unit, that directly or

indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct owner(s) | Indirect owner(s) |
|---|---|---|
| Remington Arms Company, LLC | FGI Operating Company, LLC<br>870 Remington Drive<br>P.O. Box 700<br>Madison, NC 27025 | FGI Holding Company, LLC<br>870 Remington Drive<br>P.O. Box 700<br>Madison, NC 27025<br><br>Remington Outdoor Company, Inc.<br>870 Remington Drive<br>P.O. Box 700<br>Madison, NC 27025<br><br>R2 Holdings, LLC<br>875 Third Avenue, 14th Floor<br>New York, NY 10022 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------- X
                                                     :
In re:                                               :   Chapter 11
                                                     :
REMINGTON ARMS COMPANY, LLC,                         :   Case No. 18- _____ (_____)
                                                     :
                    Debtor.                          :
                                                     :
                                                     :
---------------------------------------------------- X
```

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of entities holding an interest in the above-captioned debtor.

| Name and Last Known Address or Place of Business of Holder | Nature of Interest Held | Amount of Interest Held |
|---|---|---|
| FGI Operating Company, LLC 870 Remington Drive, P.O. Box 700, Madison, NC 27025 | Membership Interest | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  Remington Arms Company, LLC

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                                                              (State)

Case number (if known):  _____

---

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☑ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration  List of Equity Security Holders, Corporate Ownership Statement, Certification of Creditor Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/25/18            X _____
             MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                      Stephen P. Jackson, Jr.
                                      Printed name

                                      Chief Financial Officer
                                      Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors